Carlo Costantino
vs.  No. 88775.
Peter Melaragno

June 22, 1933.

JOSLIN, J. Heard on motion for a new trial after verdict by a jury in favor of the plaintiff for the full amount claimed. The action was brought to recover a broker's commission of 3% on the sale price of certain real estate sold by the defendant to the Young Imperial Italian Club.

Several months prior to the date of the sale, the parties hereto chanced to meet on Exchange Place in Providence. In their ten minute conversation there ensued an agreement. There is no substantial discord as to its terms. The Court believes that the extent of the defendant's promise was to pay a commission to the first one who brought him a customer.

The case turns on the question as to whether or not the sale was brought about through the plaintiff's efforts or negotiations.

There was evidence tending to show that the Club had appointed a committee to investigate the matter of the purchase of property on Broadway in Providence. No action was taken by the Club in respect to any report of this committee. Thereafter, another committee was appointed with full power to make the purchase. Shortly thereafter the sale was effected through the efforts of this latter committee.

After the meeting between the parties hereto, the plaintiff was in communication with Ralph De Curtis, a member of the first committee. Thereafter, the plaintiff went with said committee to see several other parcels of real estate. On this occasion, he mentioned the defendant's property and was told that it was "too far away." De Curtis testified that the plaintiff

saw him regarding the property a dozen times. This statement is not convincing.

The plaintiff never spoke to any of the officers of the Club, nor to any member of the purchasing committee, regarding the defendant's property. He never entered the defendant's property and knew nothing of the interior thereof. He never brought any member of either committee to the defendant. He never showed the property to anyone. He never reported to the defendant; in fact, he did not see the defendant after their sidewalk conversation until after the Club had definitely decided upon the purchase.

The property was shown to the responsible officers of the Club and to the members of the purchasing committee by others. It was these others, not the plaintiff, who effected the sale. In the opinion of the Court, the plaintiff was not the procuring cause of the sale.

There was just enough evidence to require the submission of the case to the jury. The preponderance of the evidence, however, was not with the plaintiff. The Court cannot give its approval to the jury's verdict.

Justice requires a new trial and, accordingly, the defendant's motion is granted.

For plaintiff: John Di Libero.

For defendant: Pettine, Godfrey & Cambio.